IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JAMES ROGER CURTIS, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| Vs. | : |
| | : FILE NO. _____ |
| CELEB-SCENE, INC., JASON BENSON, and ANDY TURNER, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

# VERIFIED COMPLAINT

## Nature of Action

1. Plaintiff James Roger Curtis ("Curtis" or "Plaintiff") seeks injunctive relief and damages for copyright infringement engaged in by Defendants under the laws of the United States and the State of Georgia.

## Parties

2. James Roger Curtis is a resident of Georgia.

3. Defendant Celeb-Scene, Inc. ("Celeb-Scene") is a Wyoming corporation authorized in Georgia and with its principal place of business and Registered Agent in Paulding County, Georgia.

4. Defendant Jason Benson ("Benson") is an individual residing in Dallas, Paulding County, Georgia and is CEO of Celeb-Scene.

1

5.  Defendant Andy Turner ("Turner") is an individual residing in Dallas, Paulding County, Georgia and is CFO and Secretary of Celeb-Scene.

## Jurisdiction and Venue

6.  This action arises under the Unites States Copyright Act of 1976 (17 U.S.C. § 101 et seq.).

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  The venue of this action is properly laid in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) and 1400(a).

9.  This Court has personal jurisdiction over the Defendants, who reside in this State and District.

## Allegations Common to all Claims for Relief

### Plaintiffs' Copyrights

10. Plaintiff Curtis offers freelance graphic design and web design services to companies in need of logos, marketing materials, web pages, etc.

11. Defendants requested that Curtis create, design, and develop both a logo and a website to promote and market an event planned by Defendants, the Chattahoochee River Country Music Festival (the "CRCMF").

12. Curtis is the creator and owner of the logo graphic for the CRCMF (the "CRCMF Logo"), which is a stylized image of an acoustic guitar in a circle with the words Chattahoochee River Country Music Festival wrapped around the outside of the circle.

13. Curtis registered the CRCMF Logo with the United States Copyright Office. The Registration Number of the CRCMF Logo is VA0001946930.

14. The CRCMF Logo registration shows that the image was first published on November 22, 2014 and was registered on January 29, 2015, slightly more than two months after creation.

15. Defendants originally agreed to pay Curtis, as an independent contractor, a monthly fee of $5,000 for his work and for the use of his image. However, despite providing three months of work and despite demands for payment, Defendants have failed and refused to pay anything at all to Curtis.

16. Curtis terminated his relationship with Defendants in February, 2015.

## The Infringing Work

17. Defendants have continued to use Curtis' copyrighted CRCMF Logo as their primary logo for the CRCMF.

18. Defendants have no legal right to the CRCMF Logo. Curtis is the sole creator of the work, he was never an employee of Defendants, he never signed a

Work for Hire agreement, and he never assigned nor licensed any rights in the CRCMF Logo to Defendants.

19. Despite having no rights to the CRCMF Logo, Defendants have continued, and still continue to use the CRCMF Logo to advertise and promote the CRCMF.

20. The CRCMF Logo has been used on marketing and advertising including, but not limited to, the CRCMF website, Facebook, Twitter, and other media outlets.

21. Defendants Benson and Turner have knowingly used, and directed Defendants Celeb-Scene to use, the CRCMF Logo despite the knowledge that they do not own the CRCMF Logo, nor has the CRCMF logo been assigned or licensed to any of the Defendants.

22. Defendants also used the CRCMF Logo on merchandise such as T-shirts, can cozies, posters, and other items which were sold through an on-line store on the CRCMF website and possibly elsewhere.

23. If not enjoined, Defendants will continue to use the CRCMF Logo and to sell products and merchandise bearing the CRCMF Logo up to and during the CRCMF, currently scheduled as a 3-day festival from July 24-26.

24. Upon information and belief, Defendants will continue using the CRCMF Logo and selling infringing products and merchandise after the CRCMF, to promote the same or similar festival in the future.

25. The use of the CRCMF Logo on the merchandise, advertising, signage, web page, and elsewhere (the "Infringing Works") by Defendants infringes Curtis' registered copyright.

26. Defendants are knowingly and willfully infringing Curtis' copyrighted work by using the CRCMF Logo on the Infringing Works.

27. Because of Defendants' widespread infringing use of the CRCMF Logo and the broad nature of the Infringing Works, Curtis is not be able to sell the CRCMF Logo, or any derivative work, to any other individual or company, because Defendants have taken intensive efforts to brand their products and services with the CRCMF Logo, and make said logo their own trademark.

## Count I

## Federal Copyright Infringement

28. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 26 above, as if fully set forth herein.

29. This Count arises under the Copyright Act of 1976, Title 17 United States Code § 101 *et seq.*

30. The CRCMF Logo is a wholly original work, and constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

31. Plaintiffs have complied in all respects with the laws covering copyright and have secured the exclusive rights and privileges in and to the copyrights to the CRCMF Logo.

32. Defendants have infringed and threaten to further infringe Plaintiff's copyrights in the CRCMF Logo by the sales, marketing and distribution of the Infringing Works in this District and throughout the United States.

33. Defendants willfully infringed Plaintiff's copyrights in the CRCMF Logo.

34. Defendants knew that the Infringing Works were, are, or contain direct copies of and constitute infringement of the CRCMF Logo.

35. Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount not yet determined or ascertainable.

36. Upon information and belief, Defendants have obtained and are about to obtain gains, profits and advantages as a result of their wrongful acts in an amount not yet determined.

37. Plaintiffs are therefore entitled to:

(a) A preliminary and permanent injunction preventing the distribution, marketing, release, sale and rental of the Infringing Works;

(b) The recall of all copies of the Infringing Works;

(c) The impoundment of all copies of the Infringing Works in their possession, custody or control; and

(d) All profits received by Defendants from the distribution, marketing, release, sale and rental of the Infringing Works;

(e) All consequential damages suffered by Plaintiffs; or

(f) Statutory damages for willful infringement in the amount of $150,000; and

(g) Plaintiffs' expenses of litigation, including reasonable attorneys' fees.

WHEREFORE Plaintiffs respectfully pray for the following relief:

A. An Order preliminarily and permanently enjoining and restraining Defendants and those in active concert or participation with them from:

    1. Further infringing Plaintiffs' copyrights or manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise

           disposing of any products not authorized by Plaintiffs which infringe on Plaintiffs' copyrights;

2.    Engaging in any other activity constituting an infringement of any of Plaintiffs' copyrights or of Plaintiffs' rights in, or to use or to exploit, said copyrights;

3.    Secreting, destroying, altering, removing or otherwise dealing with the unauthorized products or books or records which contain any information relating to the creation, production, distribution, circulation, sale, rental, offering for sale, advertising, promoting or displaying the Infringing Works and any related products and merchandise.

B.    Directing that Defendants recall all copies of the Infringing Works and all related products and merchandise distributed throughout the United States and the World pursuant to 17 U.S.C. § 503.

C.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Infringing Works and any related products or merchandise are authorized by Plaintiffs or are in any way related to Plaintiffs or its products.

      D.    Directing than an accounting and judgment be rendered against Defendants for:

          1.    All profits received by Defendants from the sale or distribution of the Infringing Works and all related products and merchandise, as provided for by 17 U.S.C. § 504(b);

          2.    All damages suffered by Plaintiffs as a result of Defendants' copyright infringement, as provided for by 17 U.S.C. § 504(b);

          3.    Statutory damages against Defendants in the amount of $150,000 for the willful infringement of each copyrighted work infringed, as provided for in 17 U.S.C. § 504(c)(2), if such amounts are greater than the amounts of items (a) and (b) above;

      E.    Ordering that Plaintiffs recover the costs of this action together with reasonable attorneys' fees and investigators' fees and prejudgment interest in accordance with 17 U.S.C. § 505.

      F.    Directing that the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such

order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

G.   Awarding to Plaintiffs such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiffs has incurred with this action.

## TRIAL BY JURY

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted, this 20th day of July, 2015.

                                      s/Thomas J. Mihill
                                      Thomas J. Mihill
                                      Georgia Bar Number: 001363
                                      Logan B. Winkles
                                      Georgia Bar Number: 136906
                                      CANNON, MIHILL & WINKLES
                                      101 Marietta Street
                                      Suite 3120
                                      Atlanta, Georgia 30309
                                      Telephone: (404) 891-6700
                                      Facsimile: (404) 891-6701
                                      tjmihill@cmw-law.com
                                      *Counsel for Plaintiffs*

## VERIFICATION

I, James Roger Curtis, hereby declare under penalty of perjury that the foregoing Verified Complaint is based on my personal knowledge and is true and correct.

Executed on July 17, 2015.

_____
James Roger Curtis

## Rule 7.1(D) Certification

This is to hereby certify that the foregoing **Verified Complaint** was prepared in 14-point Times New Roman font.

s/Thomas J. Mihill
Thomas J. Mihill
Georgia Bar Number: 001363
CANNON, MIHILL & WINKLES
101 Marietta Street
Suite 3120
Atlanta, Georgia 30309
Telephone: (404) 891-6700
Facsimile: (404) 891-6701
tjmihill@cmw-law.com
*Counsel for Plaintiffs*
